

| New Jersey Office | Manhattan Office | Writer's e-mail |
|---|---|---|
| Kim & Bae Building | 45 Rockefeller Plaza, Suite 2000 | |
| 2160 North Central Road, 3rd Floor | New York, NY 10111 | cbae@kimbae.com |
| Fort Lee, NJ 07024 | T. 212.319.6888 | |
| T. 201.585.2288   F. 201.585.2246 | | |

• Please reply to New Jersey Office

March 21, 2022

**Via ECF**

District Judge Julien Xavier Neals
U.S. District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:   *Airtech International Inc. v. Byungchan Yim et al.*
              Case 2:22-cv-00668-JKN-AME

Dear District Judge Neals,

      This firm is counsel to plaintiff Airtech International Inc. ("Plaintiff") in the above matter. I write to in response to the memo to the Court from counsel for the defendants dated March 20, 2022, which was filed beyond the deadline established by the Court.

      The correspondence has no legal or factual merit. The issues raised are either wholly irrelevant to the Emergency Motion or fully addressed and refuted therein. However, since counsel for the defendants attempts to assert that certain court decisions support denying the Emergency Motion, we would like to address them briefly.

      First, defense counsel states that in New Jersey, six factors are generally analyzed in determining whether the information sought is a trade secret: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the owner to guard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. Even without agreeing that this standard governs this case, Plaintiff has fully satisfied it in the moving papers.

      Second, defense counsel admits that "where a service company is concerned, and the names and addresses of its customers are not open to and ascertainable by everyone, they are the private information and property of the company." This is one of the central arguments we are making in the Emergency Motion.



Third, defense counsel cites Haut v. Rossbach, 128 *N.J.Eq*. 77, 78, 15 *A*.2d 227 (Ch.1940), *aff'd*, 128 *N.J.Eq*. 478, 17 *A*.2d 165 (1941) for the proposition that "customers are not assets where company is a "manufacturer or wholesaler dealing with jobbers or retail merchants. But Haut case explains:

> Defendant's knowledge of the names of the company's customers, gained through his employment by it, was not considered a trade secret, since any interested person could readily compile a list of retail cleaners and dyers, although he would be ignorant, until he made inquiry, whether any particular retailer did his own cleaning and dyeing or had it done by a wholesaler. Lewitter was in the window cleaning business. Everyone having show windows must clean them and will probably engage a professional window cleaner if the latter will do the work well enough and cheap enough. In the Zubrin case, the complainant was engaged in selling automobile liability insurance. Defendant, a former employee, became an automobile insurance broker, at liberty to solicit complainant's customers. Every automobile owner was a prospect for both complainant and defendant, although many automobile owners do not carry insurance.

These facts are simply not applicable to Plaintiff. Defense counsel also cites AYR Composition, Inc. v. Rosenberg, 261 N.J. Super. 495, 504 (1993), but that case states:

> Auxton Computer Enterprises, Inc. v. Parker, 174 N.J.Super. 418, 423, 416 A.2d 952 (App.Div.1980) (employee "may not solicit his employer's customers for his own benefit before he has terminated his employment"). Where there is either a post-employment restrictive covenant or where the customer lists are confidential and thus a trade secret, customer lists may be protected even after employment is terminated. See United Board & Carton Corp. v. Britting, 61 N.J.Super. 340, 160 A.2d 660 (App.Div.), certif. denied, 33 N.J. 326, 164 A.2d 379 (1960) (former employees restrained for two years from doing business with those customers they courted while still in plaintiff's employ); Abalene Exterminating Co., Inc., v. Oser, 125 N.J.Eq. 329, 333, 5 A.2d 738 (Ch.1939) (employee restrained from using customer list of former employer).

Defense counsel overlooks the fact that, as emphasized by AYR Composition, courting customers while still employed by the Plaintiff strongly supports injunctive relief, as is alleged in this action.

Fourth, *Cent. Plastics Co. v. Goodson*, 1975 OK 71, 537 P.2d 330, 334-35 (Okla. 1975) for the contention that a "majority of jurisdictions recognize the rule that the names and



District Judge Julien Xavier Neals<br>
U.S. District Court<br>
District of New Jersey<br>
March 21, 2022<br>
Page 3

addresses of customers and suppliers which are easily ascertainable or available generally to the public or trade do not constitute trade secrets or confidential information."  Defense counsel obtained this citation from <u>Samsung Elecs. Am., Inc. v. Westpark Elecs</u>., LLC, No. A–3777–14T3, 2015 WL 7783607 (N.J. Super. Ct. App. Div. Dec. 4, 2015), a case that cites numerous relatively recent authorities holding that customer lists are subject to protection and cites only <u>Cent. Plastics Co.</u>, a case from 1975 collecting cases from the sixties, as going in the opposite direction.  Moreover, Plaintiff's lists are not "easily ascertainable or available generally to the public" and Plaintiff is not relying solely upon customer lists but also other trade secret material such as the order history, part specification, designs, price, export certifications, all of which was stolen from it. Cent. Plastics Co. does not address such concerns in any meaningful way.

   Finally, defense counsel argues that public policy favors free market activity and cites <u>Samsung Elecs. Am.</u>, <u>supra</u>, for the proposition that "a free market seller of consumer products would not have an expectation of privacy unless they were involved in some nefarious activity."  But consumer products are not involved in this case, and the only "nefarious activity" engaged in is that by the defendants.  None of the issues presented by this case are at issue in <u>Samsung Elecs. Am.</u>, which addressed discovery practices.  The public policy against theft and fraud clearly outweighs the public policy favoring free market activity, since theft and fraud undermine the foundations of the free market.  This is why courts have carved out protection for employers who are victimized by it.  For the foregoing reasons, we request that the preliminary injunction motion be granted in all respects.

                   Respectfully submitted,

                   KIM & BAE, P. C.

                   <u>/s/  Christine Bae</u>
                     Christine M. Bae, Esq.