

Thomas Kamvosoulis
Direct Dial: 973-403-3130
Direct Fax: 973-618-5530
E-mail: tkamvosoulis@bracheichler.com

December 14, 2023

**VIA ECF**

Hon. André M. Espinosa. U.S.M.J.
U.S. District Court of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: **Airtech International Inc. v. Yim,** *et al.*
    **Case No. 2:22-cv-00668-MEF-AME**

Dear Judge Espinosa:

  This firm represents Defendants in the above-captioned matter.  We write as a follow up to the recent status conference and the subsequent order issued by the Court on December 8, 2023 (the "Order").  Specifically, Defendants seek a clarification of the Order in light of recent actions taken by Plaintiff as outlined below.

  Based upon the lengthy discussion at the status conference, we understand that the Court seeks to provide Plaintiff an opportunity to adequately respond to Defendants' expert reports before the upcoming plenary hearing before Judge Farbiarz.  To that end, Your Honor advised the parties during the status conference that Plaintiff would have an opportunity to do so, whether by deposition or by responding reports, no later than January 16, 2025.

  Apparently, Plaintiff misunderstood the Court's directive.  On December 13, 2023, Plaintiff served deposition notices on each and every fact and expert witness identified by Defendants as potential witnesses at the plenary hearing, and demand that they be completed before the January 16, 2024 deadline fixed in the Order.  In addition to being impractical given the impending holidays, we do not believe that this was the intent of the Order or the spirit of the directive from Your Honor during the status conference for the following reasons.

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

777 South Flagler Drive
Suite 800, West Tower
West Palm Beach, Florida 33401
561.899.0177

www.bracheichler.com

Hon. Michael E. Farbiarz, U.S.D.J.
December 14, 2023
Page 2

      First, Judge Farbiarz's November 27, 2023 Order concerning the plenary hearing, *ECF* 178, **only** referenced Plaintiff's ability to depose ***experts*** in advance of the plenary hearing. *See Exhibit A*. Nothing in this November 27, 2023 Order suggests the parties are entitled to complete fact discovery or depose all witnesses identified by the other party in advance of this plenary hearing.

      Second, Plaintiff's December 1, 2023 letter to Judge Farbiarz, *ECF* 182, only requests the deposition of both of Defendants' identified experts, Ms. Norris and Mr. Kiddy, as well as fact witness Jiyong Lee (who is a third party not in Defendants' control). *See Exhibit B*. Plaintiff did not request the ability to depose ***all fact witnesses on Defendants' witness*** list in advance of the plenary, which is what Plaintiff now inexplicably demands.

      Third, the parties participated in a two (2) hour status conference with Your Honor on December 6, 2023 to discuss the outstanding discovery issues in this matter. The discussions during this status conference focused on Plaintiff's ability to conduct expert depositions or retain their own experts in advance of the plenary hearing. At no point did Your Honor suggest that Plaintiff would be entitled to conduct all fact witness depositions in advance of this plenary hearing. To the contrary, the Order extended the discovery deadlines because additional fact discovery will take place after the plenary hearing, including the completion of fact depositions. *See Exhibit C*. The Court clearly did not intend for the parties to complete all fact discovery in the weeks preceding the plenary hearing.

      There is no question that the parties need to conduct further discovery and depose the fact and expert witnesses in this matter. Yet, there is no requirement that this discovery be completed in advance of the plenary hearing. See Fed. R. Civ. P. 65(b)(1)(2) (temporary restraining order shall not exceed 14 days unless the Court extends this period for good cause shown); see also Nutrasweet v. Vit-Mar Enterprises, 112 F.3d 689, 692 (3d. Cir. 1997) (explaining that temporary restraining order extending beyond the period set forth in Rule 65(b) "cannot be maintained" unless Court sets forth preliminary injunction findings). Accordingly, requiring the parties to conduct all fact and expert witness depositions in the weeks preceding the plenary hearing will result in duplicative discovery and costs, as these witnesses will likely be called for subsequent depositions in advance of the fact discovery deadline.

      For these reasons, Defendants respectfully request that this Court clarify its December 8, 2023 Order to confirm that the parties are not required to produce for deposition all fact witnesses identified in each party's December 1, 2023 submission prior to the plenary hearing. We do not believe that this was the Court's intent or what the parties discussed with Your Honor at the recent status conference. We would gladly attend a follow up call at the Court's convenience to further address these issues if necessary, as it appears that Plaintiff has thoroughly misunderstood the Court's directives.

Hon. Michael E. Farbiarz, U.S.D.J.
December 14, 2023
Page 3

Respectfully submitted,

Thomas Kamvosoulis

TK:njc
Enclosures

cc:     All Counsel of Record

# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| Airtech International Inc.,<br><br>  *Plaintiff*,<br><br>v.<br><br>Byung Chan Yim, et al.,<br><br>  *Defendants*. | Civil Action No. 22-668<br>(MEF)(AME)<br><br>**ORDER** |

The Defendants' reply brief at ECF No. 143 stated that no hearing was required to resolve their motion to dissolve restraints. Oral argument was conducted on that motion, the parties sought after the argument to resolve certain matters consensually, and those efforts seem to have failed. The Defendants have now requested a hearing. See Letter (November 16, 2023), ECF No. 175.

The Court will hold the requested hearing. The parties shall each file a letter of no more than one page, on or before December 1, indicating the name of each witness they intend to put on at the hearing, and how much time they anticipate the direct examination of each witness will take. The Court will then schedule a hearing.

If either party seeks to introduce at the hearing expert evidence that has not been previously provided to the other side in final form and on a timely basis, and that has not been subject to full vetting through deposition testimony and exchange of appropriate underlying and related documents, the Court (through the undersigned or through the United States Magistrate Judge) will entertain appropriate motions in limine to preclude such expert evidence.

IT IS on this 27th day of November, 2023, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

# **<u>EXHIBIT B</u>**



**KIM & BAE, P.C.**
ATTORNEYS AT LAW

| | | |
|---|---|---|
| New Jersey Office<br>Kim & Bae Building<br>2160 North Central Road, 3rd Floor<br>Fort Lee, NJ 07024<br>T. 201.585.2288   F. 201.585.2246 | Manhattan Office<br>45 Rockefeller Plaza, Suite 2000<br>New York, NY 10111<br>T. 212.319.6888 | Writer's e-mail<br>cbae@kimbae.com<br><br>• Please reply to New Jersey Office |

December 1, 2023

<u>**Via ECF**</u>

Hon. Michael E. Farbiarz, U.S.D.J.
U.S. District Court of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *Airtech International Inc. v. Yim, et al.*
                Case 2:22-cv-668-MEF-AME

Dear Judge Farbiarz:

      This office represents Plaintiff in the above action.

      I write in response to the Court's Order dated November 27, 2023 [ECF 177] to provide a list of witnesses for hearing related to Defendants' request to modify the preliminary injunction.

      Plaintiff's hearing witness list is:

| Witness | Anticipated Time for Direct Examination |
|---|---|
| 1. Byung Yim[1] | 5 hours |
| 2. Hyo Kim | 4 hours |
| 3. Jin O Lee | 3 hours |
| 4. Jin Woo Chun | 4 hours |
| 5. Seo Y. Yoon ("Stacy") | 2 hours |
| 6. Joseph Park | 2 hours (via videoconferencing) |
| 7. Chan Yong Um | 2 hours (via videoconferencing) |
| 8. Tommy Kim | 2 hours |
| 9. Boo Hyun Kang | 4 hours (may be designated expert) |

      Plaintiff intends to move <u>in limine</u> to preclude the expert witnesses designated on Defendants' correspondence and requests until December 15, 2023, to file such a motion. If the

---

      [1]Plaintiff may also read in the testimony of Defendants Yim and Kim from their depositions conducted in this action.



Hon. Michael E. Farbiarz, U.S.D.J.<br>
U.S. District Court of New Jersey<br>
December 1, 2023<br>
Page 2

motion is denied, Plaintiff would request 30 days to depose any expert witness who will be permitted to testify and to designate an opposing expert. As per the Magistrate Judge's Amended Scheduling Order, the expert witness discovery plan is not yet in place and is to be set by further order following a scheduling conference on December 7, 2023. [ECF 166]. Therefore, expert disclosures have not been resolved by the parties to date, and we have received no formal expert witness disclosure from Defendants. As such, given the intervening holidays, Plaintiff respectfully requests that the hearing not be scheduled prior to March 15, 2024.

With respect to Defendants' designated witness Jiyong Lee, an employee of Plaintiff's Korean customer Segi Co.(Century), Plaintiff should be entitled to conduct Mr. Lee's deposition substantially in advance of the hearing.

In addition, we want to confirm that the burden of proof in this hearing rests with Defendants, who need to show sufficient factual basis for modifying the existing injunction in Plaintiff's favor in support of their motion seeking that relief.

Respectfully submitted,

KIM & BAE, P. C.

*/s/ Christine M. Bae*_____
Christine M. Bae, Esq.

# **EXHIBIT C**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| Airtech International Inc.,<br><br>    *Plaintiff*,<br><br>v.<br><br>Byung Chan Yim, et al.,<br><br>    *Defendants*. | Civil Action No. 22-668<br>(MEF)(AME)<br><br>**ORDER** |

The Defendants' reply brief at ECF No. 143 stated that no hearing was required to resolve their motion to dissolve restraints. Oral argument was conducted on that motion, the parties sought after the argument to resolve certain matters consensually, and those efforts seem to have failed. The Defendants have now requested a hearing. See Letter (November 16, 2023), ECF No. 175.

The Court will hold the requested hearing. The parties shall each file a letter of no more than one page, on or before December 1, indicating the name of each witness they intend to put on at the hearing, and how much time they anticipate the direct examination of each witness will take. The Court will then schedule a hearing.

If either party seeks to introduce at the hearing expert evidence that has not been previously provided to the other side in final form and on a timely basis, and that has not been subject to full vetting through deposition testimony and exchange of appropriate underlying and related documents, the Court (through the undersigned or through the United States Magistrate Judge) will entertain appropriate motions in limine to preclude such expert evidence.

IT IS on this 27th day of November, 2023, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.