

**KIM & BAE, P.C.**
ATTORNEYS AT LAW

| New Jersey Office | Manhattan Office | **Writer's e-mail** |
|---|---|---|
| Kim & Bae Building | 45 Rockefeller Plaza, Suite 2000 | |
| 2160 North Central Road, 3rd Floor | New York, NY 10111 | carltonasher@gmail**.com** |
| Fort Lee, NJ 07024 | T. 212.319.6888 | |
| T. 201.585.2288   F.201.585.2246 | | |

• Please reply to New Jersey Office

December 21, 2023

**Via ECF**

Hon. André M. Espinosa. U.S.M. J.
U.S. District Court of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *Airtech International Inc. v. Yim, et al.*
             Case 2:22-cv-668-JXN-AME

Dear Judge Espinosa:

I write to raise two discovery issues relating to depositions of non-party witnesses in anticipation of the evidentiary hearing to be held in regard to Defendants' motion to modify the preliminary injunction in this action.

In their December 1, 2023 letter to the Court [ECF 181] Defendants identified Yijoong Hwang and Jiyong Lee as potential witnesses at the evidentiary hearing. There are two issues relating to these witnesses, whom we mentioned to the Court at the recent teleconference, which Plaintiff needs to resolve.

First, based on Defendants' prior submissions to the Court we initially thought that Yijoong Hwang would seek to give opinion testimony. As we now understand it, Defendants only intend to present him as fact witnesses, giving no opinions. Therefore we seek an order limiting the testimony of both witnesses to matters of fact and not opinions.

Second, Defendants have taken the position that since these witnesses are fact-only, they do not have to be produced for pre-hearing deposition. However, these witnesses, as far as we know, are located abroad, and therefore are difficult for Plaintiff to subpoena for deposition. As we understand it, Defendants will seek leave of court to present their testimony via videoconferencing, which would be especially prejudicial to Plaintiff if the witnesses have not been deposed. Therefore, we seek an order directing Defendants to produce these witnesses for pre-hearing deposition via videoconferencing and precluding them from testifying at the hearing if not so produced, or at least if depositions are not required precluding them from testifying at the hearing via videoconferencing and requiring them to testify in person. It would be highly



prejudicial to Plaintiff to be forced to cross-examine a witness it has not been able to depose via videoconferencing rather than in person at the hearing.  Jiyong Lee has not been a part of focused discovery to date and his questionable relationship and interaction with Defendant Yim and Plaintiff's clients must be explored in detail.  Yijoong Hwang appears likely to give highly complex testimony which may be objectionable as an attempt to substitute for expert testimony and the basis for which must be explored in detail. Both witnesses likely will require a translator.  As such, pre-hearing deposition, or at least in-person testimony at hearing, is essential to avoid prejudice.  In the event that the Court does not find sufficient factual and legal basis to require Defendants to produce these witnesses for deposition in order for them to be called at the hearing, which should not be the case, Plaintiff would then seek an extension of the pre-hearing discovery period sufficient to permit us to serve these witnesses, located abroad, with deposition subpoenas.

We request a conference with the Court so that these two issues can be resolved.

We thank the Court for its attention to this matter.

Respectfully submitted,

KIM & BAE, P. C.

/s/  Carlton R. Asher
Carlton R. Asher, Jr. Esq.