# BRACH | EICHLER LLC

Thomas Kamvosoulis
Direct Dial: 973-403-3130
Direct Fax: 973-618-5530
E-mail: tkamvosoulis@bracheichler.com

August 26, 2024

**VIA ECF**
Hon. André M. Espinosa, U.S.M.J.
U.S. District Court of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    **Airtech International Inc. v. Yim, et al.**
              **Case 2:22-cv-668-JXN-AME**

Magistrate Espinosa:

      The parties write jointly pursuant to the Court's August 2, 2024 Order (D.E. 256) as amended by the August 15, 2024 Order (D.E. 261) requiring the parties to submit a joint status letter, "identifying any outstanding discovery issues and proposing a revised, expedited schedule for the completion of all remaining discovery, including resolution on any issues concerning the production of documents and email communications from Mr. Yim's Gmail accounts."

      In light of the document production issues identified below, the parties have agreed to request until **September 17, 2024** to conduct their respective document and forensic investigations, confer with each other, and propose a schedule for remaining fact discovery.

      **A. Plaintiff's Position**

      Plaintiff Airtech previously reported further document discovery was needed as was further written discovery. The parties agreed they each need further depositions, including of witnesses already deposed. Airtech reported it intends to use expert testimony and Defendants advised expert discovery should therefore be scheduled. Document production and written discovery must be completed before depositions can be conducted and fact discovery must be completed before expert discovery can be conducted.

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

777 South Flagler Drive
Suite 800, West Tower
West Palm Beach, Florida 33401
561.899.0177

www.bracheichler.com

BE.15498878.1/YIM003-281918

Hon. André M. Espinosa, U.S.M.J.
August 26, 2024
Page 2

### *Document Production*

The January 2024 preliminary injunction hearing was interrupted with the revelation of a previously undisclosed Gmail account: BCYIM0526@gmail.com. Then Airtech discovered a second one: ROY0526YIM@gmail.com. Document production since the hearing has been from those two Gmail accounts which defense counsel confirmed were the only ones of which they were aware. The current production concluded its latest, seventh, phase, in which defense counsel was required to conduct the collection, search and production, on July 31, 2024 with production of an additional 4,470 pages in addition to the previously produced 15,409 pages from those Gmail accounts. On August 6, 2024, Defendants produced four more documents and on August 8, 2024, they produced a privilege log for the further production, concluding the last scheduled round of Gmail production.

Although Airtech has not completed its review of the Gmail production entirely, it has discovered enough to inform the schedule for further document production and discovery, generally, based on what has been discovered to date.

*Additional sources:* Review of Defendants' Gmail production so far has revealed another undisclosed email account, a third Gmail account. The undisclosed email account in the latest production is airtechuscom@gmail.com and evidence of this third Gmail account is found on the email bearing Bates No. D_Gmail018786-96. More troubling about this new Gmail account is that it appears that Yim had programed some type of "server level" forwarding instructions to automatically forward Airtech company emails to airtechuscom@gmail.com which include attorney-client communications from Esther Kim at Airtech to Airtech's former attorneys at Kim & Bae. Defendants forwarded the email from airtechuscom@gmail.com to kimchloe1209@gmail.com, a Gmail account in the name of Defendant Hyo Sun Kim. Airtech is currently conducting a forensic investigation regarding the possible compromise of its computer network that could lead to a need for further discovery.

On August 2, 2024, Defendants' counsel characterized the seventh production tranche to Your Honor as probably being largely duplicative of prior production and containing probably irrelevant documents produced as a result of an attempt to cast a wide net. The discovery of the newest concealed account proves the opposite. As is standard practice and as we have requested, any document production by Defendants must be conducted by counsel.

In pursuing document discovery, the parties have been charged first with completing production from Defendants' previously undisclosed Gmail accounts. We recently conveyed the foregoing information to defense counsel and understand they will need time to investigate, confer with their client, and then confer with us about the third Gmail account. As set forth above, counsel have agreed to allow some time for this to determine the nature and extent of additional sources of production and related issues so that the work they will require is taken into account in the schedule to be proposed to the Court.

Hon. André M. Espinosa, U.S.M.J.
August 26, 2024
Page 3

We note that discovery and investigation have disclosed other sources of documents from which it appears collection and production have not been made by Defendants. Airtech intends to take up those other sources with Defendants in the period before the proposed rescheduled September 17, 2024 joint reporting date so that the schedule counsel will propose will take all possible additional sources of documents into account.

Collection, search, and production, from all discovered sources to respond to all document requests served to date must be made. The proposed period for the parties to investigate and confer should allow counsel to better estimate the time that will be needed for this.

*Deficiencies in previous productions:* Deficiencies in prior productions by Defendants going back to deficiency letters served by Airtech's prior counsel have not been fully resolved. The parties made progress in previous months, with Defendants addressing some of the deficiencies that were identified and serving responses to discovery requests to which they had not responded timely as of the May 31, 2024 Joint Letter. However, deficiencies remain in document productions and interrogatory responses.

Among issues still to be resolved regarding party discovery are documents that should be available but were not produced, responsive documents withheld on grounds of alleged irrelevance, privilege claims, and waiver of objections. There are also issues to be resolved as to non-party production ordered to be made via defense counsel. Airtech will address all remaining deficiencies with defense counsel and attempt to resolve them without the involvement of the Court. We propose to report to the Court any discovery request response issues that the parties are not able to resolve at a date to be set sufficiently in advance of the close of fact discovery to permit resolution and any further production or responses.

*Written Discovery*

Similar unresolved deficiencies to those described as to document production responses remain as to interrogatory responses. Some of these were previously identified in previous joint letters and remain to be resolved and others appeared in responses served after May 31, 2024 which also must be resolved. As regards document discovery, the parties have not yet fully conferred on the deficiencies. We will seek to resolve as much as possible between the parties before reporting any disputes to the Court that the parties could not resolve.

*Depositions*

As previously reported, after completion of document and written discovery, Airtech proposes to depose the following witnesses: Roy Yim; Chloe Kim; Susan Parker; Luis Silva; Jae Gon Kim; Ji Yong Lee; Amy Taylor; Jennifer Savory; and Wahid Lahmadi. As discovery continues, it may become necessary to depose other specific non-party witnesses and/or 30(b)(6) witnesses for Defendants or and/or non-parties.

Hon. André M. Espinosa, U.S.M.J.
August 26, 2024
Page 4

*Discovery of Non-parties*

Once issues regarding previously subpoenaed documents have been resolved, further non-party discovery will be needed. Airtech will serve document subpoenas and deposition subpoenas as soon as possible during and/or immediately after substantially completing party document and written discovery.

*Expert Discovery*

As previously reported, Airtech expects to produce reports of experts regarding liability, particularly technical and forensic issues, and damages. We propose that an expert discovery schedule be set once Defendants' document productions and responses to written discovery requests are substantially complete. Since a further deposition phase will take place following the substantial completion of written discovery and document production there will be time to schedule expert discovery before fact discovery closes.

**B. Defendants' Position**

Defendants intend to cooperate with Plaintiff on future document productions and written discovery and agree with counsel that additional depositions are needed in this litigation, including of witnesses previously deposed. We agree that documents and written discovery must be completed before the parties can conduct additional depositions. Defendants further agree that fact discovery should be completed before additional expert discovery can be conducted.

*Document Production*

As previously directed by Your Honor during the June 10, 2024 case management conference, all of Mr. Yim's emails and documents from accounts roy0526yim@gmail.com and bcyim0526@gmail.com were collected by a third party vendor, who then transferred those materials to our possession and then deduplicated from Defendants' prior productions.

Defendants' seventh production showed emails from an additional Gmail account – airtechuscom@gmail.com. Plaintiff's counsel first brought this email to our attention on or about 3:30pm this past Friday, August 23, 2024. Defense counsel was not previously aware of this airtechuscom@gmail.com email. That said, we understand that this email account has not been used for a lengthy period of time and may have been used as some kind of fail safe to ensure Mr. Yim received his work emails during his employment. Counsel expressed their concerns with respect to this newly discovered account. We intend to investigate the contents of any emails and documents located within airtechuscom@gmail.com with our Mr. Yim.

Hon. André M. Espinosa, U.S.M.J.
August 26, 2024
Page 5

### *Written Discovery*

While we do not necessarily agree with the claimed deficiencies raised by Plaintiff, we intend to work cooperatively with counsel to address these issues.

### *Depositions*

Defendants intend to depose the following witnesses without waiver of any rights: Jin Ouk Lee; Chan Yung Um; Seo Yoon; Tommy Kim; and Daniel Chun.

### *Non-Party Discovery*

With respect to financial institutions, Defendants agreed with Plaintiff's prior counsel that all documents produced from any financial institution would be delivered to defense counsel, who would then review and produce any materials responsive to Plaintiff's discovery requests. We hope to continue the established process or reviewing any and all responsive documents produced by any financial institution, should any additional subpoenas be served upon such entities.

### *Expert Discovery*

To the extent that Plaintiff will produce an expert report on liability or damages, Defendants seek a schedule that will incorporate responding expert reports and expert depositions.

### C. Proposed Schedule

In light of the current document production issues and the parties' joint request for time to investigate and confer about them, the parties propose to propose a schedule for the balance of fact discovery and to report jointly on any other current discovery disputes on September 17, 2024.

Respectfully submitted,

CHO LAW GROUP, LLC

By: __/s/ Kenneth K. Cho__
      Kenneth K. Cho, Esq.

Ted G. Semaya, Esq.
Semaya Law Firm
Co-counsel appearing *Pro Hac Vice*

Hon. André M. Espinosa, U.S.M.J.
August 26, 2024
Page 6

                                      BRACH EICHLER LLC

                                      By:  */s/Thomas Kamvosoulis*
                                            Thomas Kamvosoulis, Esq