# BRACH | EICHLER LLC

Thomas Kamvosoulis
Direct Dial: 973-403-3130
Direct Fax: 973-618-5530
E-mail: tkamvosoulis@bracheichler.com

September 17, 2024

**VIA ECF**
Hon. André M. Espinosa, U.S.M.J.
U.S. District Court of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: Airtech International Inc. v. Yim, et al.; Case 2:22-cv-668-JXN-AME

Dear Judge Espinosa:

The parties write jointly pursuant to the Order (D.E. 263) directing the parties to submit by September 17, 2024 a joint status letter "identifying any outstanding discovery issues and proposing a revised, expedited schedule for the completion of all remaining discovery, including resolution on any issues concerning the production of documents and email communications from Mr. Yim's Gmail accounts." (D.E. 256.)

As previously reported, further document and written discovery is needed. The parties agree that further depositions are needed, including of witnesses already deposed. Regarding expert discovery, Airtech intends to use expert testimony and Defendants agree that expert discovery should therefore be scheduled. The parties agree that further document productions and written discovery must be completed before depositions can be conducted and fact discovery must be completed before expert discovery can be conducted.

Below the parties each set forth their positions on the remaining discovery needed, including following up on alleged uncorrected deficiencies in previous responses to discovery requests. In the third section of this letter the parties jointly propose an amended discovery schedule to accomplish the discovery identified in their positions which runs through expert discovery but not motions directed to it such as *Daubert* motions which the parties expect will be scheduled later with dispositive motions.

In light of Defendants having advised Airtech on September 16, 2024 that that they would produce voluminous documents from the third discovered Gmail account, airtechuscom@gmail.com, by October 1, 2024, and the fact that known responsive Gmails have not yet been produced, Airtech proposes to defer proposing dates beyond the October 1st document

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

515 N. Flagler Drive
Suite P-300
West Palm Beach, Florida 33401
561.899.0177

www.bracheichler.com

BE.15584353.1/YIM003-281918

September 17, 2024
Page 2

production until after that production and production from other sources identified below from which productions have not yet been made.

### I. Plaintiff's Position

#### A. Party Discovery

##### 1. Document Production

###### a. Previous Requests – Deficiencies and Incomplete Productions

*Gmail Production*

Incomplete production from Gmail accounts BCYIM0526@gmail.com and ROY0526YIM@gmail.com. In its part of the May 31, 2024 Joint Letter (D.E. 247) Airtech identified specific relevant emails we know were forwarded from Defendant Yim's Airtech email account to one of his Gmail accounts but were not produced. (D.E. 247 at 4.) After all of the further Gmail production including that supervised by counsel, those emails still have not been produced. Therefore, Airtech now must obtain discovery about Defendants' collection, search and review for production and production of responsive documents not yet produced.

*Responses and productions in response to previous document requests other than Gmail production*

See section below regarding previously identified deficiencies in written discovery. Additionally, with a few exceptions, the Defendants have not produced documents, including purchase orders and correspondence, created or sent after the 2nd quarter of 2022. Such documents should be produced.

###### b. Additional Sources

As previously reported, additional sources have been discovered where Defendants have or may have sent and/or stored documents containing Airtech trade secrets. Each of them must be collected and searched pursuant to all previous requests and any responsive documents produced. We note that it is relevant if a document was sent to or stored in each location so that deduplication of such search results against previous production is not appropriate.

The additional sources to be searched include:

- Newly discovered third Gmail account airtechuscom@gmail.com. (See D.E. 262 at 2.) Evidence of this third Gmail account is found on the email marked. D_Gmail018786-96. Defendants advised Airtech on September 16, 2024 that they would produce voluminous documents from that account by October 1, 2024.

September 17, 2024
Page 3

- Cloud accounts which Defendant Yim maintained for Airtech or that were disclosed in discovery from which no production has yet been made. Airtech identifies these cloud accounts to be in:

  - Google Drive
  - Just Cloud
  - Amazon Cloud
  - Anaconda Cloud
  - GitHub

- The considerable volume of documents yet to be produced should be reflected in the dates regarding document production included in the proposed schedule below when the dates are set.

### 2. *Interrogatories*

Deficiencies in Interrogatory responses are addressed in the section next following.

### 3. *Deficiencies in Written Production to Date Other Than Gmail*

Following is the list of deficiencies in Defendants' responses to document requests and interrogatories previously served as set forth in the May 31, 2024 Joint Letter and updated based on further responses served and production made since that letter. It appears several of these items have been addressed. Therefore, this list will be further updated in consultation with defense counsel and, following further attempts to resolve them, only the remaining deficiencies will be set forth in the initial deficiency letter per the schedule below.

1. May 11, 2023 Letter from Plaintiff's Counsel to Defense Counsel [1-12-24 Letter]

    - No written response made.

    - Provided a list of vendors to be searched. Were they searched? We believe they were included in the terms agreed for the Gmail production. Were they? Is that true regarding the document productions that preceded the Gmail production?

2. Agreement to Produce Payment Records [1-12-24 Letter]

    - Not produced. [1-12-24 Letter]

3. Bank statements and financial records [1-12-24 Letter]

    - Financial Records such as tax returns for Hans Aerospace only produced up to 2022. Missing 2023 and 2024.

September 17, 2024
Page 4

4. Bank statements and other financial records showing transactions with Plaintiff's customers or relating to Plaintiff's products [1-16-24 Letter].

- Not produced and no explanation why, which was promised. [1-12-24 Letter]

- Production by nonparties does not excuse production by party. [1-16-24 Letter]

5. Production of all emails with Airtech's customers and relating to Airtech's products [1-16-24 Letter]

- Is production complete?

- No certification received that production is complete per 12-8-23 Order [1-16-24 Letter]

6. Production of all invoices and payment records with Airtech's customers and relating to Airtech's products [1-16-24 Letter]

- Is this production complete?

- No certification received that production is complete per 12-8-23 Order [1-16-24 Letter]

7. Production of all Airtech's documents in Defendants' possession relating to designs and prices [1-16-24 Letter].

- Is production complete?

- No certification received that production is complete per 12-8-23 Order [1-16-24 Letter]

8. All emails, documents, and records relating to Air Rover, CPI and Phytron.

- Is production complete?

- No certification received that production is complete per 12-8-23 Order [1-16-24 Letter]

### 4. Depositions

As previously reported, after completion of document and written discovery, Airtech proposes to depose the following witnesses:

- Byungchan "Roy" Yim;
- Hyo Sun "Chloe" Kim; and
- Susan Parker – Hans Aerospace.

September 17, 2024
Page 5

### B. Non-party Discovery

#### 1. Document Production

The only previously reported issue regarding non-party document discovery concerning financial records subpoenaed from Chase Bank has been resolved.

#### 2. Depositions

As previously reported, after completion of document and written discovery, Airtech proposes to depose the following witnesses:

- Luis Silva – Bizarra Ventura (apparent alias for Defendant Yim);
- Jae Gon Kim;
- Ji Yong Lee - Century Corp. a/k/a Segi;
- Yoon Jung Ahn – Unione Tech Corp.;
- 30(b)(6) witness for Seoul Standard Co. Ltd.;
- 30(b)(6) witness for Sea Electronics Co., Ltd.;
- Amy Taylor;
- Jennifer Savory; and
- Wahid Lahmadi.

Also, as discovery continues, it may become necessary to depose other specific non-party witnesses and/or 30(b)(6) witnesses for Defendants or and/or non-parties.

### C. Expert Discovery

Airtech will have experts regarding liability, particularly technical and forensic issues, intellectual property, and damages.

## II. Defendants' Position

As set forth in Defendants' August 26, 2024 position letter, we agree with counsel that additional depositions are needed in this litigation, including witnesses who were previously deposed. Defendants agree that additional document and written discovery must be completed before the parties can conduct further depositions. Defendants also submit that fact discovery should be completed before additional expert discovery is conducted.

September 17, 2024
Page 6

### Document Production

As stated in our August 26, 2024 letter, Defendants utilized a third party vendor to collect email and documents from accounts roy0526yim@gmail.com and bcyim0526@gmail.com. That third party vendor transferred those materials to our possession, which were deduplicated from Defendants' prior productions. Although Defendants disagree that any further productions remain from these email addresses, Defendants intend to work cooperatively with Plaintiff to address their contention that this production is incomplete. Indeed, Defendants have produced voluminous materials that are responsive and non-privileged from these email accounts and intend to work with Plaintiff to confirm that this production is complete.

Regarding the airtechuscom@gmail.com account, Defendants again retained a third party vendor to collect all materials contained in this account. We advised counsel that we intend to produce all non-privileged materials from this account by October 1, 2024 because we need time to screen them for privilege. We understand that this email account was used as a "backup" forwarding address by the company for many years during Mr. Yim's employment, and that this "backup" forwarding was stopped after he left the company, such that the last non-spam and non-Google administration email in that account is dated March 19, 2022. As a result, the emails in this account are voluminous and duplicative, so Plaintiff's counsel will require sufficient time to review the items in this production.

Separate from these Gmail productions, on September 16, 2024, we learned from counsel that they have yet to receive documents set forth in Defendants' second document production Bates-labeled YIM006818–7401. Those documents were previously served upon Plaintiff's prior counsel on September 7, 2023. In an abundance of caution, we sent counsel these documents on September 16, 2024 via email to ensure they possessed them.

### Written Discovery

While we do not agree with the claimed deficiencies raised by Plaintiff, we intend to work cooperatively with counsel to address these issues.

### Depositions

Defendants intend to depose the following witnesses without waiver of any rights: Jin Ouk Lee; Chan Yung Um; Seo Yoon; Tommy Kim; and Daniel Chun.

### Non-Party Discovery

On September 16, 2024, Defendants sent counsel via email their prior production of materials received from Plaintiff's subpoena to Chase Bank. These bank records were previously produced to Plaintiff's prior counsel on December 20, 2023. It appears that Plaintiff's current

September 17, 2024
Page 7

counsel did not receive them from prior counsel and/or that Plaintiff's prior counsel failed to download them when they were initially produced. In any event, we forwarded these documents to counsel on September 16, 2024 to ensure they possessed them.

*Expert Discovery*

To the extent that Plaintiff will produce an expert report on liability or damages, Defendants seek a schedule that will incorporate responding expert reports and expert depositions.

### III. Jointly Proposed Amended Discovery Schedule

Plaintiff requires time to review Defendants' above-referenced production of materials collected from the airtechuscom@gmail.com account. Defendants advised they intend to produce these materials no later than October 1, 2024. At this stage, it is difficult to attach dates certain to the discovery events set forth below.

The parties respectfully request Your Honor's permission to file a follow-up joint submission on October 17, 2024 to update the Court on the scope of this anticipated October 1, 2024 Gmail production and anticipated completion of the assessment before updating the below discovery schedule.

| EVENT | DATE |
|---|---|
| Date by which Defendants will produce documents from Gmail account airtechuscom@gmail.com | October 1, 2024 |
| Letters to be sent to opposing counsel by this date setting forth all open deficiencies to be corrected in responses to written party discovery requests served before the date of this Order except for October 1st production. | |
| Letter to be sent to opposing counsel by this date setting forth all additional sources of files to be collected and searched for responsiveness to all prior document requests. | |
| Date by which Defendants will serve a written response to Airtech deficiency letter identifying sources of collection and production not yet collected, searched, and produced. | |
| Last day for written party discovery requests. | |
| Letters proposing agreements regarding non-party discovery to be exchanged by this date. | |
| Last day to serve subpoenas. | |

September 17, 2024
Page 8

| | |
|---|---|
| Parties to notice all continuation party depositions. | |
| Parties to agree on deposition schedule and file joint letter regarding any dispute over party deposition schedule. | |
| Parties to notice new party depositions | |
| Interim Joint Status Report due. | |
| Document production to be substantially complete. | |
| First day party depositions can be conducted. | |
| Last day party depositions can be conducted. | |
| Close of fact discovery. | |
| Initial expert reports due on issues for which a party bears the burden. | |
| Rebuttal/responsive expert reports due. | |
| Expert discovery deadline and close of all discovery. | |

Respectfully submitted,

**BRACH EICHLER LLC**

By: __/s/Thomas Kamvosoulis__
    Thomas Kamvosoulis, Esq.

**CHO LAW GROUP, LLC**

By:__/s/ Kenneth K. Cho__
    Kenneth K. Cho, Esq.

Ted G. Semaya, Esq.
Semaya Law Firm
Co-counsel appearing *Pro Hac Vice*