<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIRTECH INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> BYUNG CHAN YIM A/K/A ROY YIM, HYO SUN KIM, ASSURED COMPONENTS LLC, <br> SENSA TECHNETICS LLC, GENUINE AVIATION LLC, RFWAVE LAB INC., ARC-TECH INC., HANS AEROSPACE INC., JOHN DOES 1-10, AND XYZ CO. 1-10, <br><br> Defendants. | **Civil Action No. 22-00668-MEF-AME** <br><br> **[PROPOSED] <br> JOINT FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER ON MOTION TO SEAL** |

**THIS MATTER** having come before the Court by way of Plaintiff's motion for an order to seal the documents filed at D.E. 271-1, 271-2, 271-3, 271-5, 275-1, 275-2 and Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion to Amend and Supplement the First Amended and Supplemental Complaint and to Join Additional Parties Defendant pursuant to Local Civil Rule 5.3(c); and there being no opposition to the motion; and the Court having reviewed the unopposed motion to seal and finding oral argument unnecessary, *see* Fed. R. Civ. P. 78(b); and for good cause shown, the following shall constitute the Court's findings of fact, conclusions of law, and Order:

  1. Plaintiff seeks to seal portions of the briefing, declaration and exhibits filed at D.E. 271-1, 271-2, 271-3, 271-5, 275-1, 275-2 and Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion to Amend and Supplement the First Amended and Supplemental Complaint and to Join Additional Parties Defendant (the "Subject Material"), which Plaintiff

submitted in support of it Motion to Amend and Supplement the First Amended and Supplemental Complaint, and that Defendants submitted in support of their opposition, that reference the confidential customers, vendors and suppliers to Plaintiff, and Airtech's trade secret information.

2. Plaintiff's counsel attaches hereto an Index of Redactions as Exhibit A to the January 13, 2025 Declaration of Kenneth K. Cho setting forth the material to be redacted with page numbers, basis for sealing, the defined and serious injury that would result if relief is not granted, why a less restrictive alternative to the relief sought is not available and whether Defendants did not oppose redacting the specifically identified information.

3. The Subject Material consists of highly sensitive, confidential trade secrets and the parties produced the Subject Material under a "Confidential" designation pursuant to the Discovery Confidentiality Order [DE 61] entered in this action, and that such designation has not been challenged by any party.

4. Plaintiff contends sealing and redacting the Subject Material is appropriate because the public disclosure of the Subject Material would damage Plaintiff's competitive advantage and would likely have material adverse business and reputational consequences to Plaintiff as well as other private and public interests. Plaintiff has previously stated there is a public interest in "ensur[ing] confidential treatment of the list of military and aerospace related products." [D.E. 142-3 ¶ 5, n. 1].

5. Although there exists in civil cases a common law public right of access to judicial proceedings and records, the right of public access is not absolute, and the presumption of public access is rebuttable. *See In re Cendant Corp.*, 260 F.3d 183, 192, 194 (3d Cir. 2001).

6. The presumption of public access has been applied "to a wide variety of civil records and documents," including "pleadings, orders, notices, exhibits and transcripts." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 162 (3d Cir. 1993) (citations and internal quotation marks omitted). A narrow exception has been carved out for discovery materials as well as "discovery motions and their supporting documents." *Id.* at 165.

7. In this District, the party seeking to seal a judicial record bears the burden of demonstrating that good cause exists to overcome the presumption in favor of public access. *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, Civ. No. 15-6210, 2017 WL 3718108, at *2 (D.N.J. Aug. 29, 2017). The moving party must make a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). General allegations of harm are insufficient; rather, the movant must give "specific examples or articulated reasoning" that harm will result. *In re Cendant Corp.*, 260 F.3d at 194.

8. "This [good cause] standard was incorporated into this District's Local Civil Rule 5.3, which sets forth the requirements for a motion to seal." *City of Sterling Heights Gen. Emps. Ret. Sys. v. Prudential Fin., Inc.*, Civ. No. 12-5275, 2016 WL 234838, at *1 (D.N.J. Jan. 19, 2016). Local Civil Rule 5.3(c) requires, in relevant part, that the reviewing Court consider certain factors "as well as other findings required by law." L. Civ. R. 5.3(c)(6). The factors include: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3).

9. Upon a review of the relevant materials, the Court concludes the requested sealing is warranted. As a threshold matter, and while it does not control the Court's analysis on a motion to seal, the Subject Material was included in a sealed temporary restraining order [D.E. 13], the Subject Material was designated as "Confidential" under the applicable confidentiality order (and not party challenged the designations), and Plaintiff's customers, vendors and supplier are "Confidential" and included in the protected trade secrets.

10. Separately, the Court first finds that the relief sought is warranted by the legitimate interest in preventing the widespread disclosure of sensitive business information that could weaken Plaintiff's competitive position. *See Goldenberg v. Indel, Inc.*, Civ. No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) ("Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest[,] and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace.") (collecting cases); *see also Bracco Diagnostics, Inc. v. Amersham Health Inc.*, Civ. No. 03-6025, 2007 WL 2085350, at *7 (D.N.J. July 18, 2007) ("Maintaining competitiveness is a legitimate private interest which warrants sealing. L.Civ.R. 5.3(c)(2)(b)."). Second, in that same vein, the Court concludes that disclosure of the Subject Material would thus result in a clearly defined and serious injury—*i.e.*, the impairment of Plaintiff's business and competitive advantage—by providing competitors an unfair market advantage. *See Overton v. Sanofi-Aventis U.S., LLC*, Civ. No. 13-05535, 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents."). Finally, for these same reasons, the

Court finds there is no less restrictive alternative to that already offered by Plaintiff in the form of the redacted exhibit filed at D.E. 135-3.

11. For the foregoing reasons, the Court concludes that good cause exists to seal the proposed portions of D.E. 271-1, 271-2, 271-3, 271-5, 275-1, 275-2 and Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion to Amend and Supplement the First Amended and Supplemental Complaint and to Join Additional Parties Defendant. Accordingly,

**IT IS** on this _____ day of January, 2025,

**ORDERED** that the unopposed motion to seal is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file redacted versions of D.E. 271-1, 271-2, 271-3, 271-5, 275-1, 275-2 and Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion to Amend and Supplement the First Amended and Supplemental Complaint and to Join Additional Parties Defendant within fourteen days from the date of this Order; and it is further

**ORDERED** that, upon the filing of the redacted version of D.E. 271-1, 271-2, 271-3, 271-5, 275-1, 275-2 and Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion to Amend and Supplement the First Amended and Supplemental Complaint and to Join Additional Parties Defendant, the Clerk of Court shall maintain those unredacted Subject Materials under seal.

_____
ANDRÉ M. ESPINOSA
United States Magistrate Judge